### 16286.   McDANIEL *v.* THE STATE.

In view of the evidence and of the defendant's statement at the trial, in which he admitted that he made the alleged intoxicating liquor, the only issue of fact for the jury being whether the alleged beer was intoxicating, the court did not err in charging the jury that if, after due consideration of the evidence, they believed that "the substance in question was alcoholic and in possession of the defendant," they would be authorized to find him guilty of the offense of manufacturing such liquor.

DECIDED APRIL 14, 1925.

Indictment for making liquor; from Barrow superior court— Judge Russell. December 20, 1924.

*G. A. Johns,* for plaintiff in error.

*Pemberton Cooley, solicitor-general,* contra.

LUKE, J. 1. McDaniel was placed upon trial on an indictment charging him with the offense of manufacturing intoxicating liquors. The evidence for the State showed that the arresting officers found several barrels of intoxicating malt beer upon the defendant's premises and in his stable. No evidence was introduced by the defendant, but he made a statement to the jury, in which he admitted that he had made the stuff found by the officers, but he denied that it was beer or that it was intoxicating, stating that it was made out of "shorts and water," and that he had fixed it up for hog feed. Under these facts, the only question for the determination of the jury was whether the alleged beer was intoxicating, and, therefore, the following charge of the court was not reversible error: "You are instructed that before the defendant can be convicted of the offense charged, you will have to believe beyond a reasonable doubt that the substance was alcoholic and in the possession of the defendant. If after due consideration of the evidence you believe that the substance in question was alcoholic and in possession of the defendant, then you would be authorized to find the defendant guilty; otherwise, you would not."

2. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*